IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19-CR-176 |
| vs. | |
| ANTONIO ROBINSON, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court for initial review of Defendant's, Antonio Robinson's, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), Filing 64. Also before the Court is the document filed as a supplement to Defendant's § 2255 Motion. Filing 65. Defendant's motion will be denied.

## I. BACKGROUND

Defendant pleaded guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. § 841(b)(1). Filing 59. Based on a total offense level of 33 and criminal history category IV, the Probation Office recommended a sentence of 188 months with 5 years of supervised release. Filing 62. Defendant objected to the Presentence Investigation Report ("PSR"), arguing that he should be given a four-level reduction for being a minimal participant under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2. Filing 50. The government moved for a downward departure from the Sentencing Guidelines and statutory sentence due to Defendant's substantial assistance. Filing 54.

At sentencing, the Court[1] granted, in part, Defendant's objection to the Presentence Investigation Report. *See* Filing 56, Filing 60. The Court reduced the total offense level to 31,

---

[1] Due to the unexpected and untimely death of Senior District Judge Laurie Smith Camp, this matter was transferred to the undersigned judge on November 25, 2020. Filing 63.

resulting in a guideline range of 151 to 188 months. Filing 60. The Court also granted the government's motion for downward departure. *See* Filing 56. The Court ultimately sentenced Defendant to 120 months, with 5 years of supervised release. Filing 60. Defendant now submits his § 2255 Motion on the grounds of ineffective assistance of counsel.

## II. ANALYSIS

### A. Legal Standard

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. If it plainly appears from the motion, attached exhibits, and the record of prior proceedings "that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id*. If the Court does not dismiss the motion, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id*.

### B. Timeliness

At the outset, the Court notes that Defendant's § 2255 Motion is timely. Section 2255(f)(1) provides that a motion under that Section may be filed within one year from "the date on which the judgment of conviction becomes final[.]" Defendant was sentenced on June 29, 2020, and did not appeal. He filed his § 2255 within a year of that date. His motion is timely under 28 U.S.C. § 2255(f)(1).

### C. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel under § 2255, a defendant must overcome a "heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). The defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v.*

*Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. Defendant asserts ineffective assistance of counsel on two grounds. First, he argues that his counsel failed to argue that Defendant qualified for the safety-valve reduction. Second, Defendant argues that his counsel failed to request a psychiatric evaluation at the time of sentencing. Having reviewed the record, Defendant is not entitled to post-conviction relief on either ground.

    *1. Defendant's Safety-Valve Eligibility*

Defendant is not entitled to relief on his first argument because Defendant did not qualify for the safety-valve reduction. Under 18 U.S.C. § 3553(f), the "safety-valve" reduction permits the district court to disregard an applicable statutory minimum if certain requirements are met. *See United States v. Barrera*, 562 F.3d 899, 902 (8th Cir. 2009). The First Step Act of 2018, Pub. L. No. 115-391, § 402(a), 132 Stat. 5194 (2018) expanded eligibility for the safety-valve reduction if:

> (1) the defendant does not have–
>
> > (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
> >
> > (B) a prior 3-point offense, as determined under the sentencing guidelines; and
> >
> > (C) a prior 2-point violent offense, as determined under the sentencing guidelines;

18 U.S.C. § 3553(f)(1). The term "violent offense" in subsection (f)(1)(C) has the same meaning as "crime of violence" in 18 U.S.C. § 16. *See* 18 U.S.C. § 3553(g). Under § 16, a crime of violence is

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

Defendant argues that his "prior conviction was not a crime of violence and [he] should have been awarded the safety valve." Filing 64 at 4. The Presentence Investigation Report shows Defendant had several prior convictions, resulting in six criminal history points. Defendant received two criminal history points for his prior conviction of attempted assault of a peace office and assault of a police dog, horse, or handicapped assistance dog. *See* Filing 61 at 10. Both crimes are "violent offenses" under § 3353(g) because they have elements requiring the use, attempted use, or threated use of physical force against the person or property of another. *See* Ohio Rev. Code Ann. §§ 2903.13, 2921.321 (West 2020). Because he was convicted of a two-point, violent offense, Defendant is disqualified from safety-valve eligibility under 18 U.S.C. § 3553(f)(1)(C). Accordingly, Defendant has not shown that his counsel was ineffective for failing to argue that Defendant qualified for a safety-valve reduction.

   *2. Failure to Request a Psychiatric Evaluation*

Defendant has not shown that he was prejudiced by his counsel's failure to request a psychiatric evaluation. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012). In the guilty plea context,

"a defendant must establish a reasonable probability that he would have exercised his right to a trial but for counsel's ineffectiveness." *Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)).

Defendant does not demonstrate or even explain how he was prejudiced. Defendant argues that failing to request a psychiatric evaluation because was ineffective because of Defendant's extensive mental health history and because Defendant "was heavily medicated at the time of [his] sentencing on psychotic medicine." Filing 64 at 5. However, there is no evidence in the record that his medical or medication history prejudiced him or prevented him from being competent to proceed. At his change of plea hearing, Defendant indicated to the Court that he was of sound mind and the Court concluded that, based on Defendant's demeanor and conduct, he was competent to proceed with his plea.

Defendant's reference to "the time of sentencing" suggests that he is arguing that a psychiatric evaluation would have somehow reduced his sentence. At the sentencing hearing, Defendant testified at length in support of his Objection to the PSR and the government's motion for downward departure. Throughout his testimony he was coherent and conversational, and thoughtfully and completely answered all questions. Nothing from his testimony suggested he was incompetent or unable to proceed. When imposing the sentence, the Court relied on the PSR which contained information about Defendant's mental health, including his diagnosis of post-traumatic stress disorder, depression, and anxiety. Filing 61 at 14. The Report also included information about Defendant's medication to treat these illnesses and his substance abuse history. Filing 61 at 14. The Court considered these factors when imposing Defendant's sentence. *See* Filing 60 at 1. Defendant has not presented any evidence that his counsel's failure to request a psychiatric evaluation prejudiced him in any way.

5

### D. Reduction for Substantial Assistance

In Defendant's supplement, Defendant requests information about a 20% reduction in his sentence for providing substantial assistance to the government. Defendant presumably refers to the government's motion for downward departure. As noted above, the Court granted the government's motion for downward departure when imposing Defendant's sentence and his sentence was adjusted accordingly. The Court will not grant a further reduction on that basis.

### III. CONCLUSION

Based on the Court's review of the entire record and Defendant's § 2255 Motion, Defendant is not entitled to post-conviction relief under 28 U.S.C. § 2255.

IT IS ORDERED:

1. Defendant Antonio Robinson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing 64, is denied;

2. A separate Judgment will be entered, denying the § 2255 Motion; and

3. The Clerk will mail a copy of this Memorandum and Order to Antonio Robinson at his last known address.

Dated this 1st day of February, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge